OLF3 *(Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:
    **Sean Doyle**
                Debtor(s)

Case No.: 18-40399-EDK
Chapter 13

## CHAPTER 13 PLAN

*Check one.* This plan is:
- [ ] Original
- [x] First Amended *(Identify First, Second, Third, etc.)*
- [ ] Postconfirmation *(Date Order Confirming Plan Was Entered: _____ )*

Date this plan was filed: **March 19, 2018**

### PART 1: NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3). | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

### PART 2: PLAN LENGTH AND PAYMENTS

**A.**    **LENGTH OF PLAN:**

- [ ] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- [x] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

- [x] _____ Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause: **Although the Debtor is below the Means Test Guidelines he requires 60 months to pay his secured arrearage and unsecured dividend of 100%**

**B.**    **PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|

| $1,389.00 | 60 |
|---|---|

## C. ADDITIONAL PAYMENTS:

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**                                **$83,340.00**
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

## PART 3: SECURED CLAIMS

☐ **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

## A. CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
☑ Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.
*Complete (1) and/or (2).*

### (1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claim(s) (Principal Residence)
Address of the Principal Residence:    39 Hubbardston Road, Princeton, MA  01541
The Debtor(s) estimates that the fair market value of the Principal Residence is: $    235,757.00

| Name of Creditor | Type of Claim (e.g., mortgage, lien) | Amount of Arrears |
|---|---|---|
| Seterus | mortgage | $26,505.03 |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): **$0.00**

(b) Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral (or address of real property) | Amount of Arrears |
|---|---|---|---|
| none | | | |
| | | | |

Total of prepetition arrears on Secured Claim(s) (Other): **$26,505.03**
Total prepetition arrears to be paid through this Plan [(a) + (b)]: **$26,505.03**

### (2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| GM Financial | Motor Vehicle Loan | 2008 Honda Pilot 110,000 miles KBB / private party / fair condition |
| Seterus | Mortgage | 39 Hubbardston Road Princeton, MA 01541  Worcester County |
| Toyota Financial Services | Motor Vehicle Loan | 2011 Ford Fusion 160,000 miles KBB / private party / good condition |

**B.    MODIFICATION OF SECURED CLAIMS:**

*Check one.*

☑    **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*

**C.    SURRENDER OF COLLATERAL:**

*Check one.*

☑    **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

## PART 4: PRIORITY CLAIMS

*Check one*

☐    **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

☑    The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.

**A.    DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**B.    OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Revenue Service | 2015 W2 | $2,344.00 |
| Princeton Municipal Light Dept. | utility | $1,165.31 |

Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: **$3,509.31**

**C.    ADMINISTRATIVE EXPENSES:**

**(1) ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| Wendy M. Mead | $1,000.00 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

**(2) OTHER *(Describe)*:**

| |
|---|
| -NONE- |

Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: **$1,000.00**

**(3) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

| PART 5: | NON PRIORITY UNSECURED CLAIMS |

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
☑ Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.

☐ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $___, which the Debtor(s) estimates will provide a dividend of ___%.
☑ Fixed Percentage: each creditor with an allowed claim shall receive no less than **100** % of its allowed claim.

A. **GENERAL UNSECURED CLAIMS:** $31,129.85

B. **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

C. **NONDISCHARGEABLE UNSECURED CLAIMS** *(e.g., student loans)*:

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

D. **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

E. **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

Total Nonpriority unsecured Claims [A + B + C + D]: **$31,129.85**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: **$31,129.85**

F. **SEPARATELY CLASSIFIED UNSECURED CLAIMS** *(e.g., co-borrower)*:

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

Total of separately classified unsecured claim(s) to be paid through this Plan: **$12,843.61**

| PART 6: | EXECUTORY CONTRACTS AND UNEXPIRED LEASES |

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

| PART 7: | POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE |

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

| PART 8: | NONSTANDARD PLAN PROVISIONS |

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*
☐ **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

# PART 9: SIGNATURES

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

| /s/ Sean Doyle | March 19, 2018 |
|---|---|
| Sean Doyle | Date |
| Debtor | |

| Debtor | Date |
|---|---|

/s/ Wendy M. Mead         Date   March 19, 2018
Signature of attorney for Debtor(s)
**Wendy M. Mead**
**635333 MA**
**Wendy M. Mead, PC**
**11 Pleasant Street, Suite 30**
**Worcester, MA 01609**
**(508) 751-0200**
**wmead@meadlawoffice.com**

The following Exhibits are filed with this Plan:
☑ **Exhibit 1: Calculation of Plan Payment***
☑ Exhibit 2: Liquidation Analysis*
☐ Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
☐ Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

*List additional exhibits if applicable.*

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits: 8**

**EXHIBIT 1**

**CALCULATION OF PLAN PAYMENT**

| | | |
|---|---|---|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | $26,505.03 |
| b) | Priority claims (Part 4.A and Part 4.B Total): | $3,509.31 |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | $1,000.00 |
| d) | Nonpriority unsecured claims (Part 5.E Total): | $31,129.85 |
| e) | Separately classified unsecured claims (Part 5.F Total): | $12,843.61 |
| f) | Executory contract/lease arrears claims (Part 6 Total): | $0.00 |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | $74,987.80 |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | $83,340.00 |
| i) | Divide (h), Cost of Plan, by term of Plan, **60** months: | $1,388.70 |
| j) | Round **up** to the nearest dollar amount for Plan payment: | $1,389.00 |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete(a) through (h) only and the following:*

| | | |
|---|---|---|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | |
| l) | Subtract line (k) from line (h) and enter amount here: | |
| m) | Divide line (l) by the number of months remaining ( months): | |
| n) | Round up to the nearest dollar amount for amended Plan payment: | |

Date the amended Plan payment shall begin: _____

EXHIBIT 2

LIQUIDATION ANALYSIS

### A. REAL PROPERTY

| Address (Sch. A/B, Part 1) | Value (Sch. A/B, Part 1) | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| 39 Hubbardston Road Princeton, MA 01541 Worcester County | 235,757.00 | 248,600.61 | 0.00 |

| | |
|---|---|
| Total Value of Real Property (Sch. A/B, line 55): | $ 235,757.00 |
| Total Net Equity for Real Property (Value Less Liens): | $ 0.00 |
| Less Total Exemptions for Real Property (Sch. C): | $ 0.00 |
| Amount Real Property Available in Chapter 7: | $ 0.00 |

### B. MOTOR VEHICLES

| Make, Model and Year (Sch. A/B, Part 2) | Value (Sch. A/B, Part 2) | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| 2011 Ford Fusion 160,000 miles KBB / private party / good condition | 3,882.00 | 7,000.00 | 0.00 |
| 2008 Honda Pilot 110,000 miles KBB / private party / fair condition | 7,832.00 | 14,896.00 | 0.00 |

| | |
|---|---|
| Total Value of Motor Vehicles (Sch. A/B, line 55): | $ 11,714.00 |
| Total Net Equity for Motor Vehicles (Value Less Liens): | $ 0.00 |
| Less Total Exemptions for Motor Vehicles (Sch. C): | $ 0.00 |
| Amount Motor Vehicle Available in Chapter 7: | $ 0.00 |

### C. ALL OTHER ASSETS (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| General household furnishings | 3,000.00 | 0.00 | 3,000.00 |
| Television, home computer | 1,000.00 | 0.00 | 1,000.00 |
| Personal clothing | 600.00 | 0.00 | 600.00 |
| Cash | 50.00 | 0.00 | 50.00 |
| Savings: DCU | 15.03 | 0.00 | 15.03 |
| Checking: DCU | 1,213.53 | 0.00 | 1,213.53 |

| | |
|---|---|
| Total Value of All Other Assets: | $ 5,878.56 |
| Total Net Equity for All Other Assets (Value Less Liens): | $ 5,878.56 |
| Less Total Exemptions for All Other Assets: | $ 5,878.56 |
| Amount of All Other Assets Available in Chapter 7: | $ 0.00 |

### D. SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (Exhibit 2, A) | $ 0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (Exhibit 2, B) | $ 0.00 |
| C. Amount All Other Assets Available in Chapter 7 (Exhibit 2, C) | $ 0.00 |
| TOTAL AVAILABLE IN CHAPTER 7: | $ 0.00 |

### E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

| |
|---|
| |

OLF3A (Official Local Form 3A)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re: Sean Doyle

Case No. 18-40399-EDL
Chapter 13

Debtor(s)

## Instructions to Debtor(s):

A. Pursuant to MLBR, Appendix 1, Rule 13-4(b), the Debtor(s) or Debtor(s)'s attorney shall cause a copy of the Plan to be served by first class mail or other permitted means upon the Chapter 13 trustee, all creditors of the debtor, all attorneys who have filed a notice of appearance and request service of all pleadings, and other parties in interest (collectively referred to as the "recipients") using this form, Official Local Form 3A ("OLF 3A"). You must list each recipient's name and mailing address in the Certificate of Service. Do not include account numbers or any personal identifier. See Fed. R. Bankr. P. 9037.

B. If in the Plan you request:
   (1) to limit, modify, or determine the amount of a secured claim (you checked the box "Included" in Part 1, Line 1.1); and/or
   (2) to avoid a judicial lien or nonpossessory, nonpurchase-money security interest (you checked the box "Included" in Part 1, Line 1.2 ),
   you must, in addition to serving the Plan as set forth above in Section A and using OLF 3A, ALSO serve a copy of this Plan on the holder(s) of the affected claim(s) and any other entity the Court designates in the manner provided for service in accordance with Fed. R. Bankr. P. 7004, using the Affidavit of Service of Chapter 13 Plan, Official Local Form 3B ("OLF 3B").

C. If serving creditors only under Section A, file only OLF 3A with the Court after service is made. If serving creditors also under Section B, you must file both OLF 3A and OLF 3B with the Court after service is made.

## CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I/We hereby certify that on 3/19/18 (date) and in accordance with MLBR, Appendix 1, Rule 13-4(b), I/we served by first class United States mail a copy of this Plan to the on the parties on the attached list.

By the Debtor(s):

Signature of Debtor(s)/attorney for Debtor(s)
Print name Wendy M. Mead
BBO Number (if applicable): 635333
Firm name (if applicable): Address: Mead Law Office
Telephone: 508-751-0200    11 Pleasant St.
Email Address:              Worcester, MA
wendymeadpc@verizon.net     01609

Associated Credit Services, Inc.
PO Box 5171
Westborough, MA 01581

Boston Childrens Hospital
PO Box 415286
Boston, MA 02241

Capital One
PO Box 71083
Charlotte, NC 28272

Clinton Hospital
PO box 416120
Boston, MA 02241

CMRE Financial
3075 E Imperial Hwy #200
Brea, CA 92821

Credit One Bank
PO Box 98873
Las Vegas, NV 89193

Erban, Elizabeth, MD
328 Shrewsbury Street
Worcester, MA 01604

First National Bank
500 E 60th Street N
Sioux Falls, SD 57104

First Premier Bank
PO Box 5529
Sioux Falls, SD 57117

GM Financial
PO Box 181145
Arlington, TX 76096

Gragil Associates
PO Box 1010
Pembroke, MA 02359

Harmon Law Offices
150 California Street
Newton, MA 02458

Holden Pediatrics
52 Boyden Road
206
Holden, MA 01520

```
IC Systems
PO Box 64437
St Paul, MN  55164

Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101

Miraca Life Sciences
c/o AMCA
PO Bpx 1235
Elmsford, NY  10523

Peter Roberts & Associates
231 E Main Street
Milford, MA  01757

Princeton Municipal Light Dept.
PO Box 247
Princeton, MA  01541

Receivables Outsourcing, LLC
PO Box 62850
Baltimore, MD  21264

Reliant Medical
PO Box 55471
Boston, MA  02205

Seterus
PO Box 2008
Grand Rapids, MI  49501

St. Vincents Hospital
PO Box 3385
Boston, MA  02241

Steling Dental Group
c/o Peter Roberts & Assoc.
231 E Main Street, ste 201
Milford, MA  01757

Surgi Care, Inc.
c/o Gragil Associates
PO Box 1010
Pembroke, MA  02359

Synergetic Communication, Inc.
5450 NW Central #220
Houston, TX  77092

TD Bank / Target
PO Box 673
Minneapolis, MN  55440
```

Toyota Financial Services
PO Box 4102
Carol Stream, IL 60197

UMass Memorial Medical Center
PO Box 415366
Boston, MA 02241

Urgent Care of Holden
5 Shrewsbury Street, ste D
Holden, MA 01520

# OFFICIAL FORM 7

## United States Bankruptcy Court
### District of Massachusetts

In re **Sean Doyle**
Debtor(s)

Case No. 18-40399-EDK
Chapter 13

## DECLARATION RE: ELECTRONIC FILING

### PART I- DECLARATION OF PETITIONER

I [We] **Sean Doyle**, *hereby declare(s) under penalty of perjury* that all of the information contained in my *1st Amended Plan* (singly or jointly the "Document"), filed electronically, is true and correct. I understand that this *DECLARATION* is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this *DECLARATION* may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: 3/19/18

Signed: /s/ Sean Doyle
Sean Doyle
(Affiant)

### PART II - DECLARATION OF ATTORNEY (IF AFFIANT IS REPRESENTED BY COUNSEL)

I certify that the affiant(s) signed this form before I submitted the Document, I gave the affiant(s) a copy of the Document and this *DECLARATION*, and I have followed all other electronic filing requirements currently established by local rule and standing order. This *DECLARATION* is based on all information of which I have knowledge and my signature below constitutes my certification of the foregoing under Fed. R. Bankr. P. 9011. I have reviewed and will comply with the provisions of MEFR 7.

Dated: 3/19/18

Signed: /s/ Wendy M. Mead
Wendy M. Mead
Attorney for Affiant